# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

SERGEY MELKUMYAN,

                Petitioner,

      v.

FERETI SEMAIA, et al.,

                Respondents.

Case No. 5:26-cv-03019-MBK

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Sergey Melkumyan is an immigration detainee in the custody of the Department of Homeland Security at the Desert View Annex in Adelanto, California. Mr. Melkumyan is a native and citizen of Armenia, who entered the United States in 2019 on a B-2 non-immigrant visa. On or around March 25, 2026, immigration authorities detained Petitioner following his release from local custody in connection with state charges for reckless driving. On April 16, 2026, an Immigration Judge ("IJ") conducted a hearing

pursuant to 8 U.S.C. § 1226(a) and found that Petitioner's ongoing detention is justified on flight risk grounds.

In this habeas action, Mr. Melkumyan challenges his continued detention on procedural and substantive due process grounds. For the reasons that follow, the Court finds that the Petition should be dismissed.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner Sergey Melkumyan is a native and citizen of Armenia. Dkt. 1 at 4. Petitioner entered the United States on August 12, 2019, through the San Francisco International Airport, pursuant to a B-2 visa. *Id.* Petitioner has resided in the United States since that time and has "remained available to immigration authorities." *Id.* Petitioner has family in the United States who rely on him for financial and emotional support. *Id.*

On March 25, 2026, immigration officers arrested and detained Petitioner when he was released from local custody following his arrest by Burbank Police Department on reckless driving charges. Dkt. 8-1 at 4. Petitioner was transported to Desert View Annex, where he remains detained. The Department of Homeland Security initiated removal proceedings against Petitioner on March 26, 2026, charging him as inadmissible for overstaying his visa under 8 U.S.C. § 1227(a)(1)(B). Dkt. 1 at 16 (Notice to Appear).

On April 16, 2026, an IJ conducted a custody redetermination hearing pursuant to 8 U.S.C. § 1226. Dkt. 8-2 (Order Denying Bond). At the hearing, Petitioner was represented by counsel. *Id.* The IJ concluded that Petitioner failed to establish that he is not a flight risk, based on his failure to appear for a March 2, 2026 hearing in his criminal case where he was charged with reckless driving. *Id.* at 2. According to the IJ's order denying bond, the Superior Court issued a bench warrant for Petitioner's arrest. *Id.* This arrest

alerted immigration authorities to Petitioner's presence in the United States. *Id.* The IJ reasoned that Petitioner's failure to comply with "the only opportunity he had to demonstrate compliance with court orders… bode[d] poorly for his flight risk." *Id.* At the conclusion of the hearing, Petitioner's counsel reserved appeal of the IJ's bond determination. *Id.* at 3. As of the date of this Order, it does not appear that Petitioner has appealed the IJ's bond determination, nor does it appear that Petitioner has requested another bond hearing based on changed circumstances. Dkt. 1 at 5.

Petitioner filed the instant habeas action on June 2, 2026. Dkt. 1. Petitioner challenges his detention on procedural and substantive due process grounds under 28 U.S.C. § 2241 and the All Writs Act. *Id.* at 7-9. Among other relief, Petitioner requests the Court order his immediate release from custody and enjoin Respondents from re-detaining Petitioner without constitutionally adequate notice and due process. *Id.* at 10. Petitioner voluntarily consented to have a Magistrate Judge conduct all proceedings in this action. Dkt. 3. On June 3, 2026, the Court entered General Order 26-05, setting forth the procedures and briefing schedule for this action. Dkt. 5. The action was fully consented to on June 8, 2026. Dkt. 6.

Respondents filed an Answer on June 10, 2026. Dkt. 8. Respondents argue that the Petition should be denied because Petitioner had a bond hearing, consistent with the procedures set forth 8 U.S.C. § 1226(a). *Id.* at 2. Respondents attached as exhibits: (1) Petitioner's I-213 form (Dkt. 8-1); and (2) the IJ's April 16, 2026, decision denying Petitioner's release on bond. Dkt. 8-2. On June 11, 2026, Petitioner filed his reply, clarifying that he is not seeking this Court's review of the IJ's determination and is only pursuing his due process claims. Dkt. 9 at 3.

3

## II.   DISCUSSION

The Court construes the Petition to challenge Petitioner's ongoing detention on procedural and substantive due process grounds.[1] In his reply, Petitioner confirms that he "does not seek review of the Immigration Judge's bond determination," and "does not request that this Court reverse, vacate, modify, or otherwise reconsider the Immigration Judge's exercise of discretion." Dkt. 9 at 3.

The exact basis for Petitioner's due process claims is unclear. Petitioner cites to several cases in which courts in this District found that "immigration detainees possess a substantial liberty interest protected by the Fifth Amendment and that habeas relief, including immediate release, is appropriate where continued detention violates due process." Dkt. 1 at 5-7 (collecting cases). However, in these cases, the petitioners had been previously released by immigration authorities based on a determination that their detention was not necessary, only to be later re-detained. *See Asatryan v. Lyons*, No. 5:26-cv-01895-MBK, 2026 WL 1196005, at *1 (C.D. Cal. Apr. 24, 2026 ("the Court finds that Petitioner's sudden re-detention—without any meaningful pre-deprivation notice or an opportunity to be heard—violates due process"); *Ghulyan v. Semaia*, No. 5:26-cv-01229-CAS-AGR, 2026 WL 788213, at *2 (C.D. Cal. Mar. 20, 2026) (same); *Grigoryan v. Mullin*, No. 5:26-cv-01382-MCS-AS, 2026 WL 928627, at *4 (C.D. Cal. Apr. 2, 2026) (same); *Vladimir Hambardzumyan v. Lyons*, No. 5:26-cv-02509-DTB (C.D. Cal. May 27, 2026). The courts found that such petitioners have a due process protected interest in their prior release from custody and immigration authorities'

---

[1] The Petition includes four counts: (1) Habeas Corpus; (2) Procedural Due Process; (3) Substantive Due Process; and the (4) All Writs Act. Dkt. 1 at 9. However, the second and fourth counts reference the Court's authority to issue relief pursuant to the habeas statute, 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651, and include no independent substantive claims.

"'implicit promise that" release "will be revoked only if [they] fail[] to live up to the parole conditions.'" *Asatryan, v. Lyons*, 2026 WL 1196005 at *2 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Here, by contrast, it does not appear that Petitioner had been previously released from custody or that immigration authorities previously made a determination that his detention was not warranted.

Petitioner also argues that his ongoing detention is not justified, and therefore violates substantive due process, because it does not bear a reasonable relationship to a legitimate governmental purpose of preventing against danger or flight risk. Dkt. 9 at 5-6. However, an IJ determined that Petitioner's detention was justified on flight risk grounds at his bond hearing. While there is a habeas jurisdiction to consider a challenge to an IJ's bond determination in certain circumstances, *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024), Petitioner has disclaimed such a challenge here. Dkt. 9 at 3.

Petitioner also argues that, since the IJ's April 16, 2026 order, subsequent developments in his state criminal case have undermined the IJ's rationale for denying bond. Dkt. 9 at 5. Specifically, Petitioner represents that the Superior Court granted him diversion in the criminal case and imposed rehabilitative conditions, rather than a carceral sentence. *Id.* However, the immigration regulations afford a noncitizen the opportunity to seek a new bond hearing based on changed circumstances. *See* 8 C.F.R. § 1003.19(e) ("[a]fter an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be . . . considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination"). Petitioner does not indicate that he sought a new bond hearing based on changed circumstances or argue that there is any basis to excuse his failure to exhaust administrative remedies. *See generally Laing v.*

*Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004) (holding that a court may waive prudential exhaustion under 28 U.S.C. § 2241 where a petitioner provides good cause to do so). As such, Petitioner's claim regarding changed circumstances is not properly before this Court.

The Court therefore denies the Petition for failure to state a meritorious due process claim and for failure to exhaust. Nothing precludes Petitioner from raising his claims later after exhausting administrative remedies.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES the Petition and dismisses the action.

Dated: June 16, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

6